ALBERT BEER *vs.* AULTMAN-TAYLOR COMPANY.

May 15, 1884.

Application of the rule that documents made at the same time and as parts of one transaction are to be read together.

Plaintiff brought this action on February 9, 1882, in the district court for Scott county, to restrain the foreclosure by advertisement of a real-estate mortgage, and for the cancellation of the mortgage and the mortgage notes. The action was tried by *Macdonald, J.*, who found the following facts:

On September 1, 1877, the plaintiff bargained with defendant (a corporation) for an "Aultman-Taylor separator," and an "Aultman-Taylor engine," at the agreed price of $1,505, and executed and delivered to the defendant three instruments in writing, dated on that day, for the purchase price, each of these being in the form of a promissory note to defendant's order, with the further provision that "the title to the Aultman-Taylor machine for which this note is given shall remain in the Aultman-Taylor Company until this note is fully paid." At the same time the plaintiff executed and delivered to defendant a chattel mortgage on the property, conditioned for the payment of $1,505, according to the terms of the before-mentioned notes, the first of which, for $505, was payable by January 1, 1878; the second, for $500, by January 1, 1879; and the third, for $500, by January 1, 1880. On September 1, 1878, the first note being unpaid, and the defendant being about to retake the property, the plaintiff, as further security for the notes, executed and delivered the real-estate mortgage in question. On January 15, 1879, the plaintiff having paid but $180 on the notes, the engine and separator were taken from the plaintiff's possession, under a power in the chattel mortgage, and were thereafter sold at public auction by the sheriff of the county, for $900, to the defendant. On November 11, 1881, the defendant began proceedings to foreclose the real-estate mortgage by advertisement, under the power of sale contained therein, claiming to be due $1,122.20, and fixing February 11, 1882, as the day for sale.

The court also found that the taking of the property under the chattel mortgage destroyed the consideration of the notes and mortgage, and ordered judgment for the plaintiff, which was entered, and the defendant appealed.

*Culler & Ritchie,* for appellant.

*E. Southworth,* for respondent, cited *Third Nat. Bank* v. *Armstrong,* 25 Minn. 530, and *Minneapolis Harvester Works* v. *Hally,* 27 Minn. 495.

BERRY, J.[1] The notes and the chattel mortgage were made by plaintiff at the same time, and as parts of one transaction. They are, therefore, to be read together. So read, they evidence a contract, by the terms of which "The Aultman-Taylor Machine" (as it is styled in the notes) was distinctly recognized by both parties as the property of the plaintiff, and any inference to the contrary which might be drawn from the clause in the notes providing that the title to the machine shall remain in the defendant until the notes are fully paid, is cut off. Hence, the case is not parallel to *Third Nat. Bank* v. *Armstrong,* 25 Minn. 530, or to *Minneapolis Harvester Works* v. *Hally,* 27 Minn. 495. The machine was taken from the plaintiff and sold *upon the chattel mortgage,* which was in accordance with the foregoing construction of the transaction between the parties. For any balance of the notes which the chattel mortgage sale left undischarged, the plaintiff remained liable, and the defendant could, as a matter of course, resort to the real-estate mortgage to collect it.

Judgment reversed.

[1] Dickinson, J., because of illness, took no part in this decision.