## ISRAEL L. BROWN *vs.* CHARLES MAGORTY.

Middlesex.   January 19, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*ccount annexed — Tenant at Sufferance — Remedy for Breach of Contract.*

Rent is recoverable under an account annexed which contains an item therefor.

A lessee under a parol agreement, who is at his own request permitted to remain in possession of premises for more than a month, is liable to pay rent therefor.

The remedy by an action of tort for conversion as the consequence of the breach of an agreement does not exclude the maintenance of an action of contract upon that agreement.

CONTRACT.   At the trial in the Superior Court, before *Hammond*, J., there was evidence tending to show that in September, 1883, the plaintiff leased by parol agreement to the defendant a certain parcel of land in Hudson, consisting of mowing land, woodland, and light tillage land, at the rate of five dollars per month, with the further agreement " that the manure should be spent on the place "; that the defendant took possession on October 3, 1883, and remained in possession to the date of the writ; that the rent of five dollars per month was paid to March 3, 1889, but the manure made by the defendant's stock was not all put upon the plaintiff's land; that without the knowledge or consent of the plaintiff, in the year 1887, and at some other time, the defendant disposed of some of the manure made by his stock, some of it for cash, and some of it in exchange for fodder for his stock; that the plaintiff did not learn of the defendant's course of dealing until the autumn of 1888; that on April 2, 1889, the plaintiff went upon the premises and told the defendant he wanted possession, and asked the defendant how long time he wanted to vacate in, and he said a fortnight; that at the expiration of that time the plaintiff went again, and the defendant was still there with his stock, and that he asked the plaintiff for three or four days more, and the plaintiff gave it to him; but that the defendant did not move out his stock until about May 9th.

The defendant introduced evidence in contradiction; and on the question as to whether a parol contract was made, and, if so, what it was, the evidence was conflicting.

The defendant requested the court to rule that, upon the plaintiff's case, the manure would belong to the land, and the deportation would be a tort which could not be waived, and if the plaintiff could recover at all it must be in proper form of action and not in contract; that the plaintiff could not recover for the manure sold and hay taken in exchange therefor under his second claim for money had and received; and that the plaintiff could not under his first claim recover for use and occupation of the premises in this form of declaration, and, if at all, could not recover for more than one month.

The court refused so to rule, and ruled that the burden was upon the plaintiff to prove the contract as alleged by the fair preponderance of the evidence, that the defendant took possession of and occupied the estate as tenant thereunder, and that the defendant had broken the contract, as alleged in the declaration; that, if the plaintiff failed to sustain this burden, the verdict should be for the defendant; and that, if two months' rent had accrued prior to the termination of the tenancy, such rent, if not paid, could be recovered in this action.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs to all the judges.

*R. Lund & W. E. Jewell,* (*C. H. Welch* with them,) for the defendant.

*J. T. Joslin & R. E. Joslin,* for the plaintiff.

ALLEN, J.  The original declaration was on an account annexed, which contained one item for two months' rent, and the judge rightly ruled that the rent was recoverable under such a count.  *Bowen* v. *Proprietors of South Building,* 137 Mass. 274.  The defendant, having at his own request been permitted to remain in possession of the premises till about May 9th, was liable to pay rent for the time he so remained in possession. Pub. Sts. c. 121, § 3.

The amended declaration set forth an agreement by the defendant that the manure made by the stock kept upon the farm should be used on the farm for the enrichment and improvement thereof, but that he did not keep this agreement, and sold and caused to be removed large quantities of manure in violation of said agreement.  The verdict of the jury shows that this agree-

ment and the breach thereof were proved. But the defendant objected that the only remedy of the plaintiff was by an action of tort for the conversion of the manure. An action of tort no doubt would lie; but this does not exclude the maintenance of an action of contract upon the express agreement, and such actions have often been maintained. 1 Chit. Pl. (16th Am. ed.) 114, 159; 2 ib. 187–190. 1 Chit. Con. (11th Am. ed.) 471, 472. *Legh* v. *Hewitt,* 4 East, 154. *Powley* v. *Walker,* 5 T. R. 373. *Massey* v. *Goodall,* 17 Q. B. 310. *Westropp* v. *Elligott,* 9 App. Cas. 815. *Batthyany* v. *Walford,* 36 Ch. D. 269. *Lewis* v. *Jones,* 17 Penn. St. 262. See also *Chalmers* v. *Smith,* 152 Mass. 561. No question arose as to the statute of frauds, which was not pleaded. *Middlesex Co.* v. *Osgood,* 4 Gray, 447. And no question is argued as to the rule of damages.

*Exceptions overruled.*