## THE McCORMICK HARVESTING MACHINE CO. v. NATHAN LEWIS.

CONDITIONAL SALE—*When Title Passes.* A sale of property was made upon credit, and a note taked from the vendee, which contained a stipulation that the title to the property for which it was given should remain in the vendor until the note was paid; and afterward the vendor, recognizing title in the vendee, applied for and obtained from the vendee a mortgage upon the same property to secure the payment of the note. *Held,* That the parties thereby elected to treat the sale as absolute, and that the ownership of the property was in the vendee, subject to the mortgage lien which he had given.

*Error from Russell District Court.*

THE opinion states the case.

*H. L. Pestana,* for plaintiff in error:

Plaintiff in error contends that the legal effect of giving the chattel mortgage on the machine purchased and other personal property to secure the payment of the note was to change the title in the machine from the plaintiff in error to Lewis. The mortgage was accepted by the company and duly recorded. See *McRea v. Merrifield,* 48 Ark. 160.

*H. G. Laing,* for defendant in error:

In the case of *McRea v. Merrifield,* 48 Ark. 160, cited by plaintiff, the property for which the possession note was given

was replevied. The court held that it was only an agreement to sell and not a sale, and that "when the condition is broken, the seller may elect to reclaim his property, or treat the transaction as a sale and bring an action for the agreed price," citing *Bailey v. Harvey*, 135 Mass. 172. In the case at bar, plaintiff elected to take the property, and, without even selling it or giving any credit for it, brings his action on such note.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action upon a promissory note for $310.11, given by Nathan Lewis to the McCormick Harvesting Machine Company for a binder. The note contained a stipulation that the title to the binder would not pass to Lewis until the note and interest were paid in full. The machine had been purchased several years before, and the note in question was in renewal of one previously given. Two days after the note was executed, Lewis, at the request of the company, executed to it a chattel mortgage upon the binder and other property to secure the payment of the note. The note was not paid at maturity, and a short time afterward possession of the mortgaged property was taken by the company under the mortgage, and some, if not all, of it was sold at public sale. Lewis defends against a recovery upon the note, insisting that by a condition which it contained he never obtained the ownership of the property or anything else for the note, and hence had nothing to mortgage or convey. The stipulation in the note reserving title in the company evinced an intention of both parties to treat the sale as conditional rather than absolute. If nothing more appeared, it would necessarily be held that a conditional sale was intended, and that the ownership of the property had never passed from the company. The possession of the property was in Lewis, and it was competent for the parties to treat the sale as absolute, and that the title had vested in the purchaser. Their action is wholly inconsistent with ownership in the company. Lewis assumed to have title by mortgaging the same to the company,

and in applying for and accepting the mortgage the company recognized such title. The validity of the mortgage was subsequently recognized by Lewis when he purchased back at the mortgage sale a portion of the property which he had mortgaged. Under this view, the company was entitled to recover all that remained unpaid upon the note. Proper credits should be given for the proceeds of the mortgaged property.

There is some dispute in the testimony as to the sale of the property and the amount realized thereon. For this reason we are unable to direct the judgment that should be entered. If the parties are unable to agree what the credits should be, a new trial will be necessary. The judgment will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.