## MAX FRISCH *vs.* FRANK E. WELLS.

Essex.   November 24, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Sale,* Conditional.   *Election.*   *Replevin.*

The commencement of an action of contract for a balance due to the plaintiff under a contract of conditional sale of personal property, which provided that the title to the property should not pass to the purchaser until the purchase price had been paid in full, and the arrest of the defendant on mesne process under R. L. c. 168, § 1, in such action on an affidavit that he is about to leave the Commonwealth, constitute an election to treat the sale as an absolute one, and thereafter, although the action of contract is not entered and the defendant is discharged from custody, the plaintiff cannot maintain replevin for the property described in the contract against a third person who has it in his possession.

REPLEVIN of a watch and chain. Writ in the Police Court of Lynn dated January 29, 1906.

On appeal the case was tried before *Fox,* J. It appeared that the watch and chain with five other articles of jewelry were included in the terms of a contract of conditional sale between the plaintiff and one Meyer Krasner. The contract, called a " lease," provided that the price of the articles therein described should be $160, which Krasner should pay by instalments, and, upon payment of the full amount by Krasner, the plaintiff agreed " to give a bill of sale for said goods, and it is mutually understood that in no case shall the title of said goods pass from said Max Frisch, shall they be removed from the above address without written permission, until said amount has been paid and bill of sale given."

Krasner defaulted under his contract after he had paid $94.

The plaintiff thereupon had him arrested on mesne process under R. L. c. 168, § 1, making affidavit that he believed that Krasner intended to leave the Commonwealth. The declaration which he annexed to the writ was in three counts, the first claiming $66 as " balance due on . . . lease," the third being upon an account annexed for the same balance, and the second setting forth in detail the terms of the contract and the breaches thereof by the defendant.

Krasner was discharged by the judge of the Lynn Police Court upon his taking the oath as prescribed by R. L. c. 168, § 40, that he did not intend to leave the Commonwealth. The plaintiff did not enter that writ. Subsequently this writ of replevin was brought. The defendant is a deputy sheriff who had made an attachment of the watch and chain. The attachment had been discharged before this action was brought.

On the foregoing facts the presiding judge ruled that the plaintiff by his proceedings for the recovery of the price of the goods included in the lease had relinquished his right to reclaim the goods themselves, directed a verdict for the defendant, and at the request of the plaintiff, reported the case for determination by this court.

The case was submitted on briefs.

*F. E. Shaw*, for the plaintiff.

*J. H. Sisk, W. E. Sisk & R. L. Sisk*, for the defendant.

BRALEY, J. Under the contract, title to the replevied chattels was not to pass to the vendee until the purchase price had been fully paid and a bill of sale given. But, after having paid a part by instalments, his failure to make other payments was a breach which entitled the vendor who had not broken the contract either to treat it as an agreement for goods sold and delivered and to sue at once for the price, or in tort for conversion, or in replevin for their specific recovery. *Bailey* v. *Hervey*, 135 Mass. 172. *Brown* v. *Magorty*, 156 Mass. 209. *White* v. *Solomon*, 164 Mass. 516, 518. *Smith* v. *Aldrich*, 180 Mass. 367, 369. If the first remedy was used it rested upon the theory, that after breach, at the election of the plaintiff, the title passed to the vendee, who received and retained the property. But if the second remedy was resorted to, the remedial right rested upon the assumption, that as the bill of sale had not been given,

the title still remained in the plaintiff.   *Brown* v. *Magorty,* 156 Mass. 209, 211.   *Cooper* v. *Cooper,* 147 Mass. 370, 373.   These remedial rights, although alternative, were therefore inconsistent, and while the plaintiff had his choice of either, he could not resort to them all.   *Snow* v. *Alley,* 156 Mass. 193, 195.   Nor is the case of *Miller* v. *Hyde,* 161 Mass. 472, on which the plaintiff relies, in conflict.   A majority of the court there held that, without satisfaction, a judgment for the plaintiff in an action of tort for conversion did not vest in the defendant title to the chattels, and as the remedies were consistent, replevin for the horse could be maintained against his vendee.   It must be presumed from the record, that, with knowledge of his legal rights and being in possession of the facts, the plaintiff chose to bring suit for the balance due and to arrest and hold the body of the debtor until he was discharged upon taking the oath prescribed by R. L. c. 168, § 40.   The plaintiff failed to enter the writ. It is not, however, the judgment which may be obtained, but the commencement of a suit to enforce a coexisting inconsistent remedy in a court having jurisdiction, which constitutes the decisive act and makes the election binding.   *Butler* v. *Hildreth,* 5 Met. 49.   *Connihan* v. *Thompson,* 111 Mass. 270.   *Bailey* v. *Hervey,* 135 Mass. 172.   The answer was a general denial, which put in issue not only the plaintiff's right to possession, but his title to the property.   *D'Arcy* v. *Steuer,* 179 Mass. 40, 41.   And, the plaintiff having once made an irrevocable election, the title was relinquished or waived, and the present action is absolutely barred.   *Bailey* v. *Hervey,* 135 Mass. 172.   *Whitney* v. *Abbott,* 191 Mass. 59.

   The rulings at the trial were correct, and by the terms of the report judgment is to be entered for the defendant with damages in the sum of $1, and for a return of the goods.   *McNeal* v. *Leonard,* 3 Allen, 268.

<div align="right">

*So ordered.*