ARNOLD REALTY COMPANY vs. WILLIAM K. TOOLE CO.

DECEMBER 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Landlord and Tenant.   Tenant Holding Over.   Trespasser.   Election of Remedies.   Assumpsit.*

Where a monthly tenant after notice to quit holds over it is optional with lessor to treat him as a trespasser or tenant from month to month, an election to treat him as tenant being inferable from any unreasonable delay to proceed against him as a trespasser, as well as from words or acts directly recognizing him as tenant.

(2) *Landlord and Tenant.   Election of Remedies.*

Where lessor elects to sue lessee in assumpsit for use and occupation of premises after the end of the term, he waives his right to afterwards take the inconsistent position of treating lessee as a trespasser during the same period and to sue in trespass.

(3) *Election of Remedies.*

Where the tort is of such a character as to afford plaintiff the right to sue in assumpsit as well as in tort, the adoption of one remedy is a conclusive bar to a resort to the other.

(4) *Election of Remedies.   Discontinuance.*

Where plaintiff has his election between co-existing remedial rights, in assumpsit and tort, which are inconsistent, and has brought action, in assumpsit, and while this action is pending brings suit in trespass, he cannot discontinue the first action and proceed with the other.

TRESPASS. Heard on exceptions of defendant and sustained.

SWEENEY, J. This is an action of trespass brought by writ issued out of the Superior Court on the 19th day of November, 1920. The writ and declaration were duly filed in court and the defendant filed a plea in abatement to the effect that there was then pending in said court between the same parties an action of assumpsit, brought by writ issued April 30, 1920, for the same matter. The plaintiff denied the averment of this plea and the court overruled it. The defendant then filed a plea of the general issue.

The record shows that this action of trespass was tried with said action of assumpsit and that, at the conclusion of

the plaintiff's testimony, the defendant made a motion for a nonsuit. The trial justice ruled that both actions were brought for the same cause and ordered the plaintiff to elect which action it would proceed with. The plaintiff elected to discontinue its action of assumpsit and proceed with its action of trespass. The trial justice then permitted the discontinuance of the action of assumpsit, against the objection of the defendant, and denied the motion for a nonsuit and the trial of the action of trespass proceeded. At the conclusion of the introduction of evidence, both parties made motions for direction of verdict. The' trial justice denied the motion of the defendant and granted that of the plaintiff. The defendant claimed exceptions to said rulings and has duly prosecuted them to this court.

The question presented by the bill of exceptions is; did the plaintiff, by bringing its action of assumpsit, April 30, 1920, waive its right to bring its action of trespass, November 19, 1920, for the same cause?

The evidence shows that the defendant had been a tenant of the plaintiff from month to month for some years prior to January 1, 1920; that on the 2nd of January, 1920, due notice was given to it to quit and vacate possession of the demised premises on or before the 1st day of February, 1920; and that it did not do so but remained in possession thereof until the 1st day of March, 1920.

Upon these facts the plaintiff could have held the defendant liable as a trespasser, or as a tenant from month to month, under the law as laid down in the case of *Providence County Savings Bank* v. *Hall*, 16 R. I. 154, wherein it is stated at page 158,  "If a tenant holds over without any new contract, it is optional with the landlord to treat him either as a trespasser or as tenant from year to year, in case the prior term was for a year or longer; and if the prior term was shorter than a year, then from term to term, according to such shorter term; an election to treat him as tenant, however, being inferable from any unreasonable delay to proceed against him as a trespasser, as well as from words or acts

directly recognizing him as tenant." This case has been cited with approval in the cases of *Mitchell* v. *Hyman,* 43 R. I. 267, and *Greene* v. *Walsh,* 43 R. I. 416. See also 24 Cyc. 1012.

During the month that the defendant held possession of the premises, the plaintiff did nothing to show that it elected to treat the defendant as a trespasser. The defendant gave up possession of the premises March 1, 1920, and on the 2nd day of March the plaintiff sent the defendant a bill for rent, electric light, and damages for the month of February, 1920, amounting to $1,221.58. The defendant declined to pay this amount but offered to pay $648.66 which it admitted to be due. The plaintiff refused to receive the sum offered and, April 30, 1920, commenced an action of assumpsit against the defendant to recover the damages sustained on account of the defendant remaining in possession of said premises during said month of February.

The action in assumpsit was commenced by writ of attachment and the affidavit of the attorney for the plaintiff is that the plaintiff has a just claim against the defendant which is due, and upon which it expects to recover in said action a sum sufficient to give jurisdiction to the court to which the writ is returnable. The first count in the declaration in this action charges that the defendant remained in possession and occupation of said premises until March 1, 1920, and that the plaintiff suffered special and general damages on account of the failure of the defendant to vacate and deliver possession of the same. The second count is for electricity used during February, 1920, of the value of of $54.91, and then are added the common counts including one for use and occupation.

Two additional counts were filed to this declaration November 23, 1920, the first alleging that it was the duty of the defendant to quit and vacate said building on or before February 1, 1920; that defendant did not perform this duty; and that on account of its breach the plaintiff sustained special and general damages. The second count

charges that the defendant did not vacate said premises February 1, 1920, but remained in occupation and possession of the same until March 1, 1920, and hence became legally bound to pay the plaintiff for the use and occupation of said premises at the rate of $1,166.67 per month for such period as the defendant should continue to use and occupy said premises after said 1st day of February, 1920. A demurrer was filed to these additional counts which was overruled and exception noted, and then the defendant filed a plea of the general issue.

(2) Failing to treat the defendant as a trespasser during the month of February, the plaintiff had a right to waive the tort and sue in assumpsit, at the expiration of the month, for use and occupation of the premises. Electing to sue the defendant in assumpsit for use and occupation during the month of February, the plaintiff waived its right to afterwards take the inconsistent position of treating defendant as a trespasser during the same month and to sue in trespass. "It is a well-settled rule that where a party has two causes of action, inconsistent with each other, an election to proceed upon either is a waiver of the other. For example, if one has the right to affirm or to repudiate a transaction, he cannot, after taking one of these positions, be heard to maintain the opposite." *Whipple* v. *Stephens*, 25 R. I. 563. *Dziekewicz* v. *Butkewicz*, 35 R. I. 221. 20 C. J. 29, sec. 20.

(3) It is a general rule that, where the tort is of such a character as to afford the plaintiff the right to sue in assumpsit as well as in tort, the adoption of one remedy is a conclusive bar to a resort to the other. *Roberts* v. *Moss*, 17 L. R. A., N. S. 280, note; *Frisch* v. *Wells*, 200 Mass. 429.·

(4) The plaintiff, having made his election between co-existing remedial rights which are inconsistent, cannot discontinue the first action and proceed with the second for the weight of authority is that the commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain such proceeding, is such a decisive act as constitutes a conclusive election barring

subsequent prosecution of inconsistent remedial rights.   20 C. J. 29.

The defendant's exceptions to the action of the trial justice directing a verdict for the plaintiff and refusing to direct a verdict for the defendant are sustained.

The plaintiff may appear before this court, if it shall see fit, on Wednesday, January 4, 1922, at ten o'clock A. M., and show cause, if any it has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the defendant.

*Gardner, Moss & Haslam*, for plaintiff.

*Lee, Boss & McCanna*, for defendant.   *George J. Sheehan, Sigmund W. Fischer, Jr.*, of counsel.