## WAGONER v. BRISCOE.

No. 15043—Opinion Filed Dec. 23, 1924.

**Replevin — Interest to Maintain Action—Failure of Evidence.**

Where, in a replevin action, it is shown by plaintiff's evidence that he was not the owner of the property at the time the action was commenced, and no special interest is made to appear, he cannot recover.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Grady County; Will Linn, Judge.

Action by J. J. Briscoe against Charles

Wagoner. Judgment for plaintiff, and defendant appeals. Reversed.

Bailey & Hammerly, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

Opinion by RAY, C. J. J. Briscoe commenced this action of replevin against Charles Wagoner, alleging that he was the owner and entitled to the immediate possession of four bales of cotton bearing Chickasha compress tags Nos. 9088, 9089, 9090 and 9091, and recovered judgment, from which the defendant has. appealed.

The judgment must be reversed upon the ground that there was no evidence even tending to support plaintiff's claim of ownership or right of possession. The evidence shows that plaintiff bought the cotton from one Norwood on the first day of August, 1921. At that time the cotton was at the compress in Chickasha and Norwood was in possession of the compress tickets which he delivered to plaintiff at the time of the sale. The plaintiff, after testifying that he bought the four bales of cotton from Norwood on the first day of August, 1921, in response to questions on direct examination, testified as follows:

"Q. And where was the cotton located? A. On the compress. Q. At the compress, and the compress issued tickets for it? A. Yes, sir. Q. Were those tickets at that time in the possession of Mr. Norwood? A. Yes, sir. Q. And did you see the cotton and examine it yourself? A. I did. Q. When you purchased the cotton from Mr. Norwood, did he surrender to you the compress tickets on the cotton? A. He did. Q. And was that done on the date there? A. Yes, sir. Q. That you bought it, on the first of August, 1921? A. Yes, sir. Q. Did you have possession of that cotton at all times up to the time this suit was filed? A. I had it until I sold it. Q. Well, who did you sell it to? A. I sold it to Robert Dick at Durant. Q. And what date did you sell it, do you recall? A. I don't remember the date I sold it. Q. Was it the date this suit was filed or before? A. Before that. Q. Before the suit was filed? A. Yes. Q. Did you deliver the cotton to Mr. Dick? A. Yes, sir. Q. When? A. At the time I sold it to him I delivered him the tickets."

From the allegations of his petition it is clear that he claimed the right of possession by reason of ownership. His testimony was that he had parted with ownership and possession before the action was commenced. If he had reserved or acquired such special ownership, or right of possession, as would entitle him to maintain the action, it is not made to appear either by the pleadings or the evidence.

"The gist of the action of replevin is plaintiff's right to the immediate possession of the personal property in controversy at the commencement of the action, by reason of his being the owner or having a special interest therein. If the evidence fails to establish this right he cannot recover." Tulsa Rig. Reel & Mfg. Co. v. Arnold et al., 64 Okla. 160, 166 Pac. 135.

There is no evidence even tending to show that plaintiff had any interest in the cotton at the time the action was commenced or at the time of the trial.

The judgment should be reversed, with directions to grant the defendant a new trial.

By the Court: It is so ordered.