## CREWSON v. COMMERCIAL INV. TRUST, INC.

No. 15779—Opinion Filed May 4, 1926.

Rehearing Denied Nov. 16, 1926.

1. **Sales—Conditional Sale Made Absolute by Vendor Taking Mortgage to Secure Price.**

Where, in the sale of personal property, the vendor, by a conditional sales contract, reserves title to the property, and, subsequently, the vendor procures a mortgage on the property from the vendee to secure payment of the balance of the purchase price, the parties will be deemed to have elected to treat the sale as absolute; and thereby the title to the property becomes vested in the vendee, subject to the mortgage lien.

2. **Replevin—Action as Seller under Conditional Sale—Evidence Justifying Judgment as Mortgagee.**

Where plaintiff, in replevin action, bases his right to recover possession of the property on the allegation of ownership by virtue of a conditional sales contract, and the evidence of the defendant shows that the plaintiff does not own the property, but has a special interest therein by reason of a certain mortgage on the property, the plaintiff's petition will be deemed to have been amended to supply the allegation of a special interest in the property; and, it being made to appear that the terms and conditions of the mortgage have been broken, the plaintiff is entitled to judgment for the possession of the property and to have the same sold to satisfy the mortgage indebtedness.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by Commercial Investment Trust, Inc., against D. B. Crewson. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

D. B. Crewson, for plaintiff in error

Ed. L. Jones, for defendant in error.

Opinion by JARMAN, C. This was a replevin action by the Commercial Investment Trust, Inc., a corporation, to recover from D. B. Crewson a certain Nash automobile. A jury was waived, and, upon trial of the cause, judgment was rendered for the plaintiff from which defendant has appealed.

Crewson purchased the automobile in question from the Southwest Nash Motor Company, at Tulsa, on August 23, 1921, paying part of the purchase price in cash, and, according to the testimony of Crewson, he executed a conditional sales contract on that date which reserved title in the Southwest Nash Motor Company to the automobile until the balance of the consideration which amounted to $905.34, was fully paid The original conditional sales contract, however, was introduced in evidence, and it shows that it was executed on August 24, 1921, and there was introduced in evidence a note executed by the defendant on August 24, 1921, for the balance of the purchase price, $905.34, which provided for the payment thereof in installments of $75.44 each, at stated intervals. The defendant introduced in evidence the records of the office of the county clerk of Tulsa county, showing that on August 24, 1921, a chattel mortgage was executed by him to the Southwest Nash Motor Company, on the automobile in question, to secure the payment of the note given for the balance of the purchase price, and that the same was filed for record on August 24, 1921. On September 7, 1921, the Southwest Nash Motor Company assigned the note for $905.34 and the conditional sales contract to the plaintiff, Commercial Investment Trust Company. The defendant defaulted in the payment of some of the installments on the note, and the plaintiff brought this action for possession of the automobile, claiming that it was the owner thereof under and by virtue of the provisions of the conditional sales contract.

The plaintiff based its right to recover possession of the automobile on the allegation that it was the legal owner thereof by virtue of the conditional sales contract. The defendant sought to defeat the plaintiff's right to recover on the ground that the plaintiff was not the legal owner of the property, and, to support his contention, the defendant introduced the records of the office of the county clerk of Tulsa county to show that the chattel mortgage hereinabove referred to had been executed by the defendant on the property in question to the Southwest Nash Motor Company, and that the same had been duly filed of record. The executing by the defendant, and the accepting by the Southwest Nash Motor Company, of the chattel mortgage after the conditional sales contract was executed constituted an election by the parties to treat the sale thereof as absolute, and the title became vested in the vendee, the defendant, subject to the mortgage lien. McCormick Har. Co. v. Lewis, 52 Kan. 358. It is well settled that, when the note for $905.34 was assigned to the plaintiff, it carried with it the mortgage which was given to secure the same, and, by virtue of the terms and provisions of said mortgage, the plaintiff had a special interest in the mortgaged property and was entitled thereunder to the immediate posession of the property. It is true that the plaintiff is not entitled to recover on the theory that it was the owner of the legal title to the property, but, it being made to appear by the evidence of the defendant that the plaintiff had a special interest in the property by virtue of the chattel mortgage referred to, the defect in the plaintiff's petition, in failing to set out the true ground upon which the possession of the property might be acquired, was supplied by the proof of the defendant; and, since it was made to appear that the plaintiff had a special interest in the property, judgment should have been rendered awarding the plaintiff the possession thereof under the terms and provisions of the mortgage, and the property ordered sold, after proper notice, to satisfy the balance due on the mortgage indebtedness. Wagoner v. Briscoe, 105 Okla. 162, 232 Pac. 22.

The judgment of the trial court is reversed, and the cause remanded, with directions to render judgment in keeping with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 675; anno. 20 L. R. A. (N. S.) 1065; 24 R. C. L. p. 448. (2) 34 Cyc. p. 1597.