## INTERTYPE CORPORATION v. PULVER.
### No. 1868.

District Court, S. D. Florida, Tampa Division.
Nov. 5, 1932.

Hilton S. Hampton, of Tampa, Fla., and Warren B. Parks, of Orlando, Fla., for plaintiff.

Harry R. Hewitt and Jefferson D. Stephens, both of St. Petersburg, Fla., for defendant.

STRUM, District Judge.

On August 19, 1925, Intertype Corporation, plaintiff herein, agreed to sell to Frank F. Pulver, defendant herein, certain typecasting machines, appurtenances, and printing equipment, the purchase price being $31,825. What purported to be a conditional sale agreement was executed by the parties, which provided for payment as follows: $2,000 cash; delivery by Pulver to the Intertype Corporation of four linotype machines then being used by Pulver, at an agreed price of $15,375; and the remainder evidenced by a series of fifty promissory notes, each in the principal sum of $289, maturing at monthly intervals beginning November 10, 1925.

The sale contract contained, amongst others, the following provisions:

"Said notes shall be secured by a first mortgage or lien upon said property in the usual form used by the said (Intertype) corporation, which mortgage or lien said purchaser hereby agrees properly and legally to execute, acknowledge, and deliver to the (Intertype) corporation immediately on delivery of the property. * * *

"It is agreed that the legal title to the property shall remain in the (Intertype) corporation until the purchase price has been fully paid and until the first mortgage above referred to * * * has been duly executed by the purchaser and delivered to the corporation and in case of any default in any of the terms of this contract, the corporation shall have the right to take immediate possession of said property and remove the same. * * *"

The property was delivered to the purchaser. The purchase-money notes and mortgage referred to in the contract of sale were executed, delivered, and accepted by Intertype Corporation, the mortgage covering the identical property embraced in the contract of sale. The notes were dated August 31, 1925; the mortgage, September 29, 1925.

Eleven of the mortgage notes, aggregating $3,179, were paid. On April 12, 1927, some of the notes being in default, Intertype Corporation instituted a suit in equity in the state circuit court to foreclose the mortgage. Pulver answered, denying the existence of the mortgage, and, upon final hearing on March 22, 1928, the equities were found with defendant Pulver, and relief by foreclosure denied.

Thereafter on June 16, 1928, this action of replevin was commenced to recover possession of the identical goods described in the sale contract and in the mortgage; Intertype Corporation relying here upon its supposed contract of conditional sale, which purported to reserve title in said Intertype Corporation. In defense of the replevin action, defendant, Pulver, pleaded the general issue, election to pursue an inconsistent remedy, and estoppel; the latter pleas being based upon the prior

foreclosure suit in the state court. The replevin action was referred to a referee, who found for Pulver on the pleas of election and estoppel, and that Pulver was entitled to the property replevined, or, alternately, as provided by the Florida Statutes (section 5346, Comp. Gen. Laws Fla. 1927), its value in the sum of $25,000.

On September 5, 1928, Intertype Corporation also appealed to the Supreme Court of Florida from the adverse decree of the state circuit court. On March 17, 1931, the Supreme Court of Florida (101 Fla. 1177, 132 So. 830) reversed the judgment of the state circuit court, holding that the mortgage sought to be foreclosed was valid and enforceable, directing a decree of foreclosure.

Upon rehearing, the Supreme Court of Florida on July 7, 1931 (101 Fla. 1180, 135 So. 793) vacated its former judgment and dismissed the appeal, upon the showing made by the appellee, Pulver, that pending the appeal the appellant, Intertype Corporation, had secured possession of the res by means of the writ of replevin in this court, and had removed the same beyond the state of Florida, so that there remained nothing upon which the processes of the Florida courts could operate.

The replevin action now comes up upon motion of plaintiff for leave to file additional replications setting up the last-mentioned action of the Supreme Court of Florida and thereupon for a re-reference to the referee, and upon defendant's motion to make the referee's findings the judgment of the court. See Intertype Corporation v. Pulver (C. C. A.) 56 F.(2d) 992.

Plaintiff now advances two contentions:

First, that Pulver's denial of the existence of the mortgage in the foreclosure suit, followed by the decree of the state circuit court sustaining his contention, which decree is now of force following the Supreme Court's dismissal of the appeal, subjects Pulver to a counter estoppel which precludes his asserting an estoppel against the plaintiff based upon plaintiff's original resort to the remedy of foreclosure.

In making this contention, plaintiff relies upon the principle that, where one party depends upon an estoppel, and the other party asserts and establishes a counter estoppel, the matter is thus set at large, one estoppel neutralizing the other, leaving the matter as if neither estoppel had been offered. Florida Land Inv. Co. v. Williams, 98 Fla. 1258, 116 So. 642; Branson v. Wirth, 17 Wall. (U. S.) 32, 21 L. Ed. 566.

In determining, however, whether or not the plaintiff has elected an inconsistent remedy, the outcome of the foreclosure suit is not the decisive factor. In states where, as in Florida, the matter is unaffected by statute, the prevailing view is that mere institution of an action which recognizes the existence of title in the buyer operates as a waiver of title in the seller, and the fact that such action is voluntarily abandoned, or not successfully prosecuted, is of no importance. In Frisch v. Wells, 200 Mass. 429, 86 N. E. 775, 776, 23 L. R. A. (N. S.) 144, the rule is thus stated: "It is not, however, the judgment which may be obtained, but the commencement of the suit to enforce a coexisting inconsistent remedy in a court having jurisdiction, which constitutes the decisive act, and makes the election binding." See 55 C. J. 1219, 1222.

It is settled law in Florida that, where a party, with knowledge of the facts, elects to adopt one of several inconsistent remedies, either of which are open to him, he cannot afterwards go back and elect again and pursue the other remedy, or either of them, even though he fails in the remedy originally elected and used. McKinnon v. Johnson, 59 Fla. 332, 52 So. 288; Weeke v. Reeve, 65 Fla. 374, 61 So. 749; Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435; American Process Co. v. Fla. White Pressed Brick Co., 56 Fla. 116, 47 So. 942, 16 Ann. Cas. 1054; 55 C. J. 1219, 1225.

Assertion of a lien upon property is inconsistent with the assertion of title thereto. Van Winkle v. Crowell, 146 U. S. 42, 13 S. Ct. 18, 36 L. Ed. 880; Robb v. Vos, 155 U. S. 13, 15 S. Ct. 4, 39 L. Ed. 52. Assuming then that plaintiff originally had title and a remedy by replevin, he is bound by his election, with full knowledge of the facts, in commencing a foreclosure in which he asserted a mortgage lien, notwithstanding the adverse decision of the state circuit court. Moreover, the foreclosure suit was in effect an action to recover the purchase price, which in Florida operates as a waiver of title by the seller. See the Florida cases last cited.

Plaintiff next contends, however, that instituting the mortgage foreclosure did not constitute an election, because the remedy by foreclosure was not in fact an available remedy, the state circuit court having decided that no mortgage existed, that judgment being of force since the Supreme Court dismissed the appeal therefrom. To support this contention, plaintiff invokes the doctrine that a mistaken attempt to employ a nonavailable

remedy does not constitute an election so as to bar subsequent recourse to a proper though inconsistent remedy. Bierce v. Hutchins, 205 U. S. 340, 27 S. Ct. 524, 51 L. Ed. 828; S. A. L. Ry. v. Hartline, 84 Fla. 133, 92 So. 813; Vincent v. Hines, 79 Fla. 564, 84 So. 614; Malsby v. Gamble, 63 Fla. 508, 57 So. 687; 20 C. J. 21, 26; 9 R. C. L. 956, 962.

That doctrine rests upon the premise that the remedy originally attempted was not in fact available; the party's resort to it in these circumstances being a mere mistaken hypothesis, not a choice. The doctrine has no application where the remedy originally attempted is in fact available and coexisted with the remedy thereafter sought, for then there is an election. See the cases last cited.

■ Though the state Supreme Court vacated its judgment of reversal and dismissed the appeal, its opinion that the mortgage existed and was subject to foreclosure is not vacated, but stands of record. Aside from that, however, the stipulation of facts upon which this replevin action was tried recites that "pursuant to said contract (of sale) a chattel mortgage was executed to the plaintiff covering the property described in the writ of replevin in this cause." With those facts established, as they are, and the mortgage being in default, foreclosure was an available remedy to the plaintiff. Plaintiff's action in instituting foreclosure was therefore not a mere misconception of remedy, but, assuming that plaintiff was also entitled to replevin, was an election by which the plaintiff is bound.

■ Plaintiff, however, must also reckon with an earlier estoppel in pais, which may be considered under defendant's plea of general issue. Section 5343, Comp. Gen. Laws Fla. 1927.

The stipulation of the contract of sale which purports to reserve title in the vendor is coupled with a reference to a chattel mortgage to be executed to the vendor covering the same property. This mortgage was given and accepted. The mortgage contained a covenant that the mortgagor (vendee) is the lawful possessor of the mortgaged goods "as of his own property"; also a covenant for further assurance to continue and protect "the lien * * * which is hereby intended to be effected" in Intertype Corporation's favor. Other covenants also refer to the "lien" and "security" of the mortgage.

■ The reservation of title in a conditional sale contract is for the benefit of the vendor, and may be waived by him. This waiver may be either express or implied, and may consist of acts or conduct showing an intent not to rely upon the reservation and to treat the sale as absolute, but the waiver must clearly appear. 55 C. J. 1219.

■ In Florida, where a distinction between conditional sales and chattel mortgages is observed, the rule is that in a conditional sale title remains in the vendor, while the execution of a chattel mortgage assumes title in the mortgagor, the mortgage creating a specific lien, and is not a conveyance of the legal title nor right to possession. Section 5725, Comp. Gen. Laws Fla. 1927; Voges v. Ward, 98 Fla. 304, 123 So. 785. Therefore the relation of conditional vendor and vendee, and of mortgagee and mortgagor, cannot subsist as to the same property at the same time. The relationship of these parties must be one or the other of these. It cannot be both; it being manifestly inconsistent that title remain in the vendor, when it accepted from its vendee a chattel mortgage recognizing title in the vendee.

Plaintiff accepted and relied upon the mortgage even to the extent of attempting to foreclose it. The deferred portion of the purchase price was evidenced by the mortgage notes, payment of eleven of which was accepted by the plaintiff.

■ The taking of purchase-money notes evidencing the unpaid purchase price, or the taking of additional security on other property, is not inconsistent with a conditional sale. Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Segrist v. Crabtree, 131 U. S. 287, 9 S. Ct. 687, 33 L. Ed. 125; Bierce v. Hutchins, 205 U. S. 340, 27 S. Ct. 524, 51 L. Ed. 828; Mizell Live Stock Co. v. J. J. McCaskill, 59 Fla. 322, 51 So. 547; Voges v. Ward, 98 Fla. 304, 123 So. 785; Note 13 A. L. R. 1044; 55 C. J. 1225. But when plaintiff, pursuant to the contract of sale, accepted from its vendee the chattel mortgage upon the same property, thereby creating the status of mortgagor and mortgagee, the mortgage containing numerous provisions inconsistent with the further existence of title in the plaintiff, plaintiff waived its reservation of title, and title passed to the vendee mortgagor, subject to the mortgage lien. So, even at that time, plaintiff was without title which would support replevin. Having knowingly assumed the status of a mortgagee, and having relied upon the mortgage even to the point of bringing suit to foreclose it, Intertype Corporation cannot now recant and assume the status of a conditional vendor. In re A. E. Richardson Co. (C. C. A.) 294 F. 451; Perkins v. Skates,

220 Ala. 216, 124 So. 514; Hinchman v. Point Defiance R. Co., 14 Wash. 349, 44 P. 867; Id., 17 Wash. 399, 49 P. 1061; Beer v. Aultman-Taylor Co., 32 Minn. 90, 19 N. W. 388; Sprague v. Branch, 3 Cush. (Mass.) 575; McCormick Harvesting Mach. Co. v. Lewis, 52 Kan. 358, 35 P. 12; Crewson v. Commercial Inv. Trust, 120 Okl. 79, 250 P. 521; 55 C. J. 1226.

The referee therefore correctly concluded that plaintiff had no title which would support replevin, and that defendant is entitled to possession of the property, or its value.

McKey v. Troy Laundry Machinery Co. (C. C. A.) 44 F.(2d) 557, essentially differs from this case, in that there the chattel mortgage was never given; besides which that decision is controlled by the adoption in Illinois of the Uniform Sales Act (Smith-Hurd Rev. St. 1931, c. 121½, § 1 et seq.), which has not been adopted in Florida, nor any statute of equivalent import.

Having found for the defendant, the referee fixed the value of the property at $25,-000, as stipulated by the parties. But this is apparently the whole value of the property, while defendant's title thereto was incumbered by the mortgage to plaintiff.

[15] The property having remained in the possession of the plaintiff pursuant to the writ of replevin, and not having been redelivered to the defendant, the value of the property as to the defendant, who is the prevailing party, should be fixed in accordance with section 5348, Comp. Gen. Laws Fla. 1927, which provides that "in all actions of replevin where the right of possession of the prevailing party, * * * whether plaintiff or defendant, is based upon a claim of lien or some special interest in the property replevied, and such property at the time of entering judgment is in the possession of the adverse party, then the judgment shall be entered for the possession of the property and against the adverse party and his sureties only for the amount of the lien or the value of such special interest duly established and costs." This is also the general law, independent of statute. See Voges v. Ward, 98 Fla. 304, 123 So. 785, text 794; also, 54 C. J. 583, 619.

▮▮▮ As the value of defendant's interest was not stipulated, the court may draw its own inferences as to such value from the record and the facts which are stipulated. Flanders Motor Co. v. Reed (C. C. A.) 220 F. 642.

▮▮▮ As against plaintiff, the value of defendant's interest, or equity of redemption, in the property, is the difference between the whole value of the property as stipulated by the parties and the balance due on the mortgage to plaintiff. The stipulated whole value is $25,000. The balance due on the purchase-money mortgage is $11,271. The difference is $13,729, at which sum the referee should have fixed the value of the defendant's special interest in the property, with interest from June 23, 1928, the day possession was obtained by plaintiff under the writ of replevin.

With that exception, the findings of the referee are made the judgment of the court. Plaintiff's motion to file additional replications is denied.