No. 17,904.

Jane Ankcorn, Administratrix of the Estate of Daisy
J. Ferrier, Deceased *v.* Boulder County
Welfare Department.
(307 P. [2d] 1110)

Decided March 4, 1957.    Rehearing denied March 25, 1957.

Mr. CHARLES W. V. FEIGEL, Mr. MARTIN I. STEINBERG, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant, Mr. WILLIAM L. PADDOCK, County Attorney, Boulder County, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error is the administratrix of the estate of Daisy Ferrier and we will herein refer to her as the administratrix. We will refer to the testatrix as Daisy, and to the Boulder County Welfare Department as the Department.

Daisy applied for an old age pension on December 18, 1951. Her application was in writing and contained statements to the effect that she had no assets other than a bank account in the sum of $250.00, and that she had not made an assignment or transfer of property in order to become eligible to receive the pension. The application was granted and she received pension checks totaling $918.01 before she died on December 26, 1952. In February 1952, she was adjudicated a mental incompetent and the administratrix, who is her grandchild, served as conservatrix of her estate. While acting in the capacity of conservatrix the granddaughter brought an action in the district court of Boulder county, on behalf of Daisy, to recover certain government bonds allegedly purchased by one Fred Shortt with money belonging to Daisy and issued in the joint names of Daisy and Shortt. It was alleged in the complaint that the bonds totaling

$4,000.00, as well as about $6,500.00 in cash belonging to Daisy, had been converted by Shortt to his own use.

After Daisy's death a compromise settlement was made between the administratrix and Shortt which resulted in the payment of $2,584.00 to Daisy's estate. The Department thereupon filed a claim in said estate to recover the $918.01 which allegedly was illegally received by Daisy as an old age pensioner. The claim was allowed in the county court, and an appeal taken to the district court where judgment was entered in favor of the Department. The Administratrix, seeking review of the judgment, brings the cause to this court by writ of error.

On behalf of the administratrix it is argued: That under applicable provisions of the old age pension law, eligibility for benefits depends upon "an absence of assets in excess of the maximum value fixed by statute"; that when Daisy applied for a pension the claims which she had against Shortt was "an unliquidated claim against a third party"; and that as such should not be considered an "asset" so as to disqualify her from receiving the old age pension.

In the complaint filed on behalf of Daisy by her granddaughter as conservatrix it was alleged that Shortt had converted to his own use *assets belonging to Daisy* totaling $10,500.00, and that said conversion took place "about" September 1, 1951. No disclosure was made to the Department at any time concerning the assets of Daisy in the hands of Shortt, either by Daisy in her lifetime, by her conservatrix, the administratrix, or by any other person.

The administratrix is bound by the facts alleged in the complaint, filed by her as conservatrix, against Shortt. On her own statement of the pertinent facts the moneys paid to Daisy as an old age pension were illegally received. Her position is that at all times Daisy owned the bonds allegedly converted by Shortt. If she is correct in this assertion the title to the bonds, and

money, belonging to Daisy remains unaffected by the alleged wrongful conversion thereof. *Birdsell v. Shaliol*, 112 U.S. 485, 28 L.Ed. 768; *Jacob E. Decker & Sons v. Milwaukee Cold Storage Co.*, 173 Wisc. 87, 180 N.W. 256, 14 A.L.R. 416; *Frisch v. Wells*, 200 Mass. 429, 86 N.E. 775, 23 L.R.A. N.S. 144.

We think the failure of Daisy to inform the Department of the circumstances under which Shortt had purchased $4,000.00 of government bonds with her money, and allegedly converted them to his own use; her failure to make full disclosure of the facts concerning the circumstances under which she had additional claims against him totaling $6,500.00; the failure of the conservatrix, later administratrix, to inform the Department of the nature of the claim against Shortt; the commencement of the action and the compromise settlement thereof, leads to the inescapable conclusion that material facts were concealed from the administrative officers of the Department which had a definite bearing upon the question of Daisy's eligibility to receive the pension. Such conduct is a fraud upon the state and cannot be encouraged.

C.R.S. 1953, 101-1-6, provides in pertinent substance that no person otherwise eligible shall be denied a pension by reason of the fact that he has personal property in the total amount not in excess of seven hundred and fifty dollars; but that an applicant may be denied a pension in the event he is the owner of personal property in excess of that amount.

C.R.S. 1953, 101-1-8, provides in substance that the application for old age pension shall contain a statement of the amount of property "both real and personal, in which the applicant has an interest and all * * *."

In the face of the allegations of the complaint filed by the conservatrix against Shortt we are at a loss to understand how it can successfully be argued that the above statute had been complied with. The language thereof cannot be given the interpretation for which

counsel contend. Where an applicant for the pension is required by statute to make disclosure of "the amount of property, both real and personal, in which the applicant has an interest," we cannot read into those words a limitation that such statute does not include $10,500.00 in bonds and money claimed by the applicant to be her own and held by a fiduciary who refuses to account therefor. The statute requires full disclosure of all personal property in which the applicant has an interest. In the instant case we have not only failure to disclose, but active concealment.

The judgment is affirmed.

MR. JUSTICE SUTTON did not participate.