MARVIN MALSBY, DOING BUSINESS IN JACKSONVILLE, FLOR-IDA, AS MALSBY MACHINERY COMPANY, *Appellant,* v. J. G. GAMBLE, *Appellee.*

1. The doctrine of election of remedies does not apply to a case where a party in his first action mistook his remedy.

2. An allegation in a bill that the defendant is insolvent, and has no property which can be found situated in the county where he lives, subject to execution and sale, is sufficient to withstand a demurrer to the bill, based on the insufficiency of this allegation.

3. Where it appears from the allegations of a bill that G., the defendant in the bill, bought personal property from the A. B. F. Co.; that he gave notes for the purchase money which were assigned and endorsed to the complainant in the bill, upon which there is still a considerable sum due; that complainant by a mistake of remedy brought an action of replevin for the recovery of the personal property and was non-suited, and that G. recovered a judgment against complainant in the replevin suit for $1,400.00; that G. has sued out an execution on said judgment; that he is prima facie insolvent; and where it appears that complainant has brought an action at law on said notes and expects to recover a judgment thereon, and where complainant prays that the execu-

tion against him may be stayed or enjoined and he may be allowed to set-off such judgment as he may recover on the notes, against the judgment and execution against him, the bill states a case for equitable relief.

Appealed from the Circuit Court of Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton* and *W. S. Broome,* for Appellant;

*A. H. King* and *F. Y. Smith,* for Appellee..

HOCKER, J.—The appellant in March, 1911, filed his bill in the Circuit Court of Alachua County, against the appellee, stating therein substantially the same facts as are stated in his amended bill herein copied, but enlarging the prayer for process so as to name the defendant which, as is alleged was simply a clerical error in the first bill. The amended bill is as follows:

"Humbly complaining your orator, Marvin Malsby, doing business in the City of Jacksonville, Florida, as Malsby Machinery Company, brings this his amended bill of complaint against J. G. Gamble, of Alachua County, Florida, and thereupon your orator shows:

That on or about the 4th day of October, A. D. 1907, your orator was engaged in the mercantile business in the city of Jacksonville, Florida, handling and selling machinery of various kinds, and that your orator in the conduct and operation of his said business, purchased considerable machinery from the A. B. Farquhar Company-Limited, a corporation under the laws of Pennsylvania, and doing business in the city of York, Pennsylvania.

Your orator would further show unto your Honor that

on or about the 4th day of October, A. D. 1907, the defendant, J. G. Gamble, desiring to purchase the machinery hereinafter described, that your orator caused the same to be sold to the said defendant upon what is known as a conditional sale, which said conditional sale reserved the title to said property in the said A. B. Farquhar Company-Limited, said machinery being described as follows: One 9 11″ Cylinder Ajax C. Crank ENGINE MOUNTED on one 20 H. Power Cornish BOILER, on 4 steel wheels; one number 2½ saw mill with 50 inch inst. tooth saw, 35 feet of carriage, 80 feet of ways, 3 head blocks with regular dogs, Ideal Reamy friction feet with belt tightener, lumber truck irons, two cant hooks, crowbar, monkey wrench, saw wrench and oil can. MAIN BELT 60 feet of 10 inch 4 ply rubber. One No. 8 circular saw, steel mandrel and one 36″ solid tooth cut-off saw; and then and there received from the defendant four certain promissory notes,—one for Three Hundred Dollars. due November 1st, 1907; one for Three Hundred Sixty-six and 67/100, due four months from the date thereof; one for $366.67, due eight months from the date thereof; one for $366.66, due twelve months from the date thereof.— said notes being payable to the A. B. Farquhar Company-Limited, and bearing eight per cent. interest per annum after maturnty until paid; and then and there your orator received from the said J. G. Gamble a certain paper, being a lease, acknowledging that the said J. G. Gamble held the said property under a conditional sale, and that he acknowledged himself as the lessee of the said A. B. Farquahar Company-Limited, and agreed, among other things, that if default is made in the payment of any one or more of the aforesaid sums or installments of hire, when and as the same shall become due and payable as

aforesaid, it shall be lawful for the said lessors to re-enter into possession of said property described above, and lessors may re-possess, remove, take away, and enjoy the said property as though this agreement to hire had not been made;—as will appear by the said original lease attached to the original bill of complaint in this cause, marked Exhibit "A" and prayed to be referred to and made a part of this amended bill, as may be necessary or desired.

And your orator further showeth unto your Honor that said instrument was duly recorded on the Public Records of Alachua County, Florida, on the 9th day of December, 1907, in Book of Mis. Records No. 3, at pages 315 to 317, as appears endorsed upon said instrument. And further that there was an assignment of the instrument endorsed upon the back thereof, by A. B. Farquhar Company-Limited, to your orator on the 24th day of March, 1909, as appears endorsed upon said exhibit "A", attached to the Original Bill of Complaint in this cause.

Your orator further showeth unto your Honor that the said note of $300.00 and the said note due on February 4th, 1908, were thereafter paid and the defendant given due credit for the same; but that the last two notes, to-wit: One note dated November 4th, 1907, due eight months after date for $366.66, and one note dated November 4th, 1907, due twelve months after date for $366.67, were not paid; but that each and both of said notes were duly assigned and endorsed by the said A. B. Farquhar Company-Limited, your orator, and delivered to your orator by the said A. B. Farquhar Company-Limited, and thereby the title to the said notes and the indebtedness represented thereby, became vested in your orator. And further that the said

notes reserved the title to the said machinery hereinbefore described in A. B. Farquhar Company-Limited; same provide for interest at the rate of eight per cent. per annum after maturity, and contains this further provision:— "And if the whole, or any part remains unpaid at maturity, ten per cent. (10%) attorneys' fees and all necessary expenses incurred in collection, shall be paid by the maker thereof." And the further provision to-wit: "And I do hereby empower and authorize the A. B. Farquhar Company-Limited, or agent, or any prothonotary, or attorney of any court of record, to appear for me, and in my name confess judgment against me in favor of the said A. B. Farquhar Company-Limited, for the above named sum, with cost of suit and release of all errors, without stay of execution after the maturity of this note, etc." And,—"It is a part of the agreement that, if the amount of this note with interest is not paid at maturity, or in case of removal of the said machinery from the County of Alachua, or if the machinery shall not be properly cared for, then the said A. B. Farquhar Company-Limited, or their duly authorized agent, may declare all of our notes due and payable," as will appear by copies of said notes attached to the original bill of complaint in this cause, marked Exhibits "B & C", and which is prayed to be referred to and made a part of this amended bill of complaint as may be necessary or desired.

That subsequently, to wit, on the 24th day of March, A. D. 1909, the said A. B. Farquhar Company-Limited executed and delivered in due form at law, and duly and legally acknowledged the same, an assignment of the said indebtedness and notes, of the said lease hereinbefore recited, and of all right, title and interest in the property hereinbefore described in this amended bill of complaint,

to your orator,—as will appear by the said original assignment and sale, which is attached to the original bill of complaint and marked Exhibit "D", which is prayed to be referred to and made a part of this amended bill of complaint, as may be necessary or required. And further that said instrument was duly recorded upon the Public Records of Alachua County, Florida, on the 14th day of June, A. D. 1910, in Mis. Records No. 4, Records of Alachua County, Florida, at page 103,—as will appear endorsed thereon by the Clerk of said Court and under the seal of the said Court.

That there was a payment made on the note that was due June 4th, 1908, to-wit:—on January 20th, 1908, $117.62; that the balance of the said note and of the said note that was due on the 4th day of October, A. D. 1908, is long since past due, and the same has not been paid, or any part thereof; that on the 24th day of March, A. D. 1911, the said J. G. Gamble was indebted to the said complainant, Malsby Machinery Company, in the full sum of $804.17, upon said the said notes, for the purchase money of said property,—as will appear by a statement attached to the original bill of complaint in this cause and marked Exhibit "E" and prayed to be made a part of this Amended Bill of Complaint and referred to as may be necessary or required.

Your orator further showeth unto your Honor that after the maturity of the said notes, and after the endorsement thereof and after the assignment of the lease and of the said property to your orator by the said A. B. Farquhar Company-Limited, your orator instituted a suit in replevin in the Circuit Court for Alachua County, Florida, to-wit: on the 14th day of April, A. D. 1909, against the said J. G. Gamble, which resulted in a judgment of non-

suit in favor of the said defendant, J. G. Gamble, for the return of the said property replevied, or in the sum of $1400.00, principal, and $8.00 costs, which said judgment was entered on the 14th day of June, A. D. 1910, as will appear by a certified copy of said judgment attached to the Original Bill of Complaint in this cause, and marked Exhibit "F", and prayed to be made a part of this your Orator's Amended Bill of Complaint and to be referred to as may be necessary or required.

Your orator further represents unto your Honor that the Lease herein referred to and attached to your orator's original Bill of Complaint and marked Exhibit "A", and prayed to be made a part of this your orator's Amended Bill of Complaint, contained the following clause, to-wit:—"It is further understood and agreed that the foregoing lease contains the only terms, conditions and contract upon which the property described above is delivered to the lessee, and that the same cannot be varied, altered or controlled except by agreement in writing, signed by both parties hereto." And your orator would show unto your Honor that said clause so contained in said lease reserved the title to the said property in the said A. B. Farquhar Company-Limited, without the right or power in the said A. B. Farquhar Company-Limited to assign the same, and that although the said A. B. Farquhar Company-Limited transferred, assigned and conveyed the said property described in said lease to your orator, the said assignment and transfer was null and void and conveyed no interest in said property to your orator, nor any right to the possession thereof, and therefore your orator was without any remedy by Writ of Replevin to recover the possession of said property; that although your orator was without any title to said property by said transfer

and assignment of said lease, as was held by your Honor in the said replevin suit, the said endorsement and assignment of the said notes gave your orator a right to the indebtedness due by the said defendant, J. G. Gamble, to the said A. B. Farquhar Company-Limited, and gave your orator a right to receive and receipt for the said amount or amounts due on the said note or notes.

That thereafter a Writ of Error was sued out in the Supreme Court of the State of Florida, to the Circuit Court of Alachua County, Florida, and on the 6th day of February, A. D. 1911, the said Judgment of the Circuit Court was affirmed, and the mandate of the Supreme Court was filed in the office of the Clerk of the Circuit Court for Alachua County, Florida, on the ............... day of March, A. D. 1911; that in and by said judgment the said property was awarded to the said J. G. Gamble, and he has, under the law, the right of election to enforce the money judgment for $1,400.00 and costs, against your orator; that the said J. G. Gamble has elected to enforce the said money judgment against your orator and has applied for, and sued out an execution upon the said judgment,— said execution having issued on the 16th day of June, A. D. 1910, and is now in the hands of the sheriff for purpose of enforcement, and the same will be levied upon the property of your orator at once for the enforcement of the judgment and execution.

Your orator further showeth unto your Honor that he hath not an adequate remedy at law, and cannot set-off the said notes against the said judgment, and cannot obtain judgment upon the said notes before his property shall have been seized and sold; that he is justly and legally entitled to collect the said notes from the said J. G. Gamble, the same having been endorsed and assigned by

the said A. B. Farquhar Company to your orator, and being due for the purchase money of the said property, which is recited in the said lease, in the said notes, and being the same property that is awarded by the court to the said J. G. Gamble in the said judgment. That the said property was seized under and by virtue of the Writ of Replevin, and was delivered to your orator under and pursuant to the said Writ of Replevin, but was not re-plevied by the said defendant, and hence the defendant is entitled to his election to enforce the said money judgment for the price of the said property, as against your orator.

Your orator further alleges that he is ready and willing to pay the balance of the said judgment in excess of the amount of the said notes held by him against the said J. G. Gamble, and herewith tenders the amount of said excess, being the sum of $514.42, into the registry of the court, as per said tender made by your orator in his said original Bill of Complaint, to be applied upon the said judgment and in satisfaction thereof, after allowing the set-off of the said notes and attorney's fees provided for therein.

And further that your orator has instituted a suit at law against the said J. G. Gamble, upon the said notes, and expects to recover therein the sum of $884.58 damages and attorney's fees, together with the interest that shall accrue thereon between now and the time when he shall obtain a judgment at law upon the said notes against the said J. G. Gamble.

And your orator further alleges and charges that the said J. G. Gamble is insolvent, and has no property situated in Alachua County, Florida, that he has been able to find, after having made diligent search, that is subject to

levy and sale under execution over and above his constitutional exemptions; and that if orator is not allowed to set-off his said claims and demands, as represented by the said notes in this proceeding, he will be without any remedy and the same will be a total loss to him.

Your orator further alleges that it is necessary that an injunction issue to prevent the defendant, J. G. Gamble, and his attorneys from levying upon your orator's property under the said execution, and to stay all proceedings in said suit until orator can reduce his said notes to judgment, and set-off the same against the said judgment and execution in favor of the said J. G. Gamble and against your orator in the Circuit Court of Alachua County, Florida.

Your orator therefore prays:—

First—That a temporary injunction do issue at once and without notice, restraining and enjoining the said defendant, J. G. Gamble, his agents and attorneys, from levying upon or seizing any of the property of your orator, Marvin Malsby, trading as Malsby Machinery Company, under the execution issued out of the Circuit Court of Alachua County, Florida, in favor of the said J. G. Gamble, and against the said Marvin Malsby, doing business under the firm name of Malsby Machinery Company, which said execution issued on the 16th day of June, A. D. 1910, and from proceeding or taking any steps in the enforcement of the judgment and execution in said cause until the further order of this court.

Secondly: That an account may be had and taken by and under the direction and decree of this Honorable Court, as to the truth of the allegations of this bill, and that a decree be rendered herein authorizing and permitting the complainant to set-off whatever amount shall be

found to be due to him by the said J. G. Gamble upon the notes recited in this bill, and in the original bill filed in this cause, and that after allowing said set-off, that the moneys tendered and paid into the registry of this court by this complainant, may be decreed to be in full settlement, satisfaction and payment of the judgment obtained by the said J. G. Gamble against the said Marvin Malsby, trading under the name of Malsby Machinery Company, on the 14th day of June, 1910, and the execution issued thereon on the 16th day of June, 1910.

Third: That the injunction issued herein may be made perpetual.

Fourth: That it may please your Honor to grant unto your orator, Marvin Malsby, doing business in the City of Jacksonville, Florida, as Malsby Machinery Company, the State's most gracious Writ of Subpœna, directed to the said defendant, J. G. Gamble, therein and thereby requiring him at a certain time, and under a certain penalty to be therein named and limited, to be and appear before this Honorable Court, and then and there full, true, direct and perfect answer make to all and singular the premises; and further to stand to, perform, and abide by such other and further order and decree herein and may seem agreeable to equity and good conscience, and as the circumstances of the case may justify and warrant.

Fifth: And may it please your Honor to grant unto your orator such other and further relief herein as may seem agreeable to equity and good conscience, and as the circumstances of the case may ustify and warrant.

And your orator will ever pray, etc.

Marvin Malsby, Orator.

W. S. Broome,
Hampton & Hampton, Solicitors for Orator."

A temporary injunction was granted in accordance with the prayer of the original bill. A demurrer was filed to the original bill, which upon a hearing was sustained, and the injunction was dissolved.

When the amended bill was filed the Circuit Judge was applied to for a reinstatement of the injunction, which was denied. An appeal was taken from the order sustaining the demurrer to the original bill and dissolving the injunction, and from the order denying the application for a reinstatement of the injunction. These rulings afford the grounds for the assignments of error presented here.

The notes given by Gamble to the A. B. Farquhar Company and the so-called lease of the machinery executed by the latter to the former are made exhibits to and parts of the bill and amended bill, but we think it unnecessary to set them out here as they are in substance set forth in the case of Malsby v. Gamble, 61 Fla. 310, 54 South. Rep. 766. The demurrer to the original bill which was sustained by the court contains thirteen grounds. The first ground is that there is no equity in the bill. The second ground is that there is a lack of necessary parties. The third ground is that the prayer for process fails to name the defendant. The seventh ground is that the allegations of the insolvency of Gamble is not alleged with so positive and direct a manner as to justify the relief sought, or any relief; and it may possibly be inferred the question was raised that Malsby by electing to bring the action of replevin dealt with in the cited case, debarred himself from bringing this suit.

The other grounds of demurrer did not reach the equity of the case in so apparent a way as to require us to examine them specifically, particularly as the appellee has filed no brief in the case, and we are not informed particularly

what ground or grounds the judge had in his mind in making his rulings. The appellee was permitted to present an oral argument, but discussed no question which is not covered by the grounds which we have specifically mentioned.

We think it is clearly apparent from the decision in the cited case of Malsby v. Gamble, *supra,* that in bringing the action of replevin Malsby mistook his remedy, and in such a case the doctrine of election of remedies does not apply. Hays v. Weeks, 57 Fla. 73, 48 South. Rep. 997; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942.

The allegation of the insolvency of Gamble in our opinion under the peculiar circumstances of this case, at least states such a *prima facie* case as to withstand a demurrer. There is a positive allegation of insolvency, which if denied, would have to be sustained by proof. As to the ground that there was a lack of necessary parties, we can discover from the record no basis for it, and in the oral argument presented none was referred to. As to the main question that there is no equity in the bill it seems to us that it abounds in equity. From its allegations it appears that Gamble bought the personal property mentioned from the A. B. Farquhar Company; that he still owes a considerable part of the purchase money, represented by notes which were assigned and endorsed to the complainant; that he has a judgment against the complainant for $1400.00 and costs obtained in the replevin suit which through a mistake in his remedy, was brought by the complainant against Gamble; that Gamble has sued out an execution on this judgment, and that *prima facie* at least he is insolvent. Complainant has sued on the notes and prays that he may be allowed to off-set

against this judgment and execution such an amount as he may recover in his suit on the notes representing the purchase money of the personal property which is described in the bill, and which he failed to recover on his action of replevin. These facts it seems to us appeal with great force to a court of equity, and justify the exercise of its functions as a court of conscience. If complainant is not afforded relief in equity, it is not apparent to us how he can obtain it. He can have no. opportunity at law to off-set his claim against that of Gamble. 1 Black on Judgments (2nd ed.) §391; 1 High on Injunctions (4th ed.) 243; Linton v. Palmer, 6 Fla. 529, text 542; Baltzell v. Randolph, 9 Fla. 366; Dunham Lumber Co. v. Holt, 124 Ala. 181, 27 South. Rep. 566; Bettison v. Jennings, 8 Ark. 287; Tommey v. Ellis, 41 Ga. 260; 23 Cyc. 1019.

We cannot say that the Circuit Judge erred in sustaining the demurrer to the original bill, as it is plain that the prayer was defective in not naming the defendant. But this defect was removed by the amended bill, and we think the Circuit Judge erred in not reinstating the injunction when requested so to do after the filing of the amended bill. His ruling on this point is reversed, and the cause remanded.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.