SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIAM A. HARTLINE AND ROSIE C. HARTLINE, FOR THE USE OF M. L. VINCENT, *Defendants in Error*.

Opinion filed July 13, 1922.

In order that parties shall be bound by an election of remedies there must be two or more remedies available from which to elect. Where the remedy sought is not permitted and is denied at the instance of the opposing party, there is no election that will bar a proper remedy duly invoked.

A Writ of Error to the Circuit Court for Polk County, S. L. Holland, Referee.

Affirmed.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*Hilton S. Hampton* and *Lee J. Clyatt*, for Defendants in Error.

WHITFIELD, J.—Prior to this action in ejectment a suit in equity was brought against the company by M. L. Vincent, J. H. Vincent, Wm. A. Hartline and Rosie C. Hartline, his wife, to impress a vendor's lien upon the land that without the owner's knowledge or consent had been appropriated and was occupied by the railroad company as a right of way.

The Hartlines had conveyed their interest in the land and the Vincents had taken the conveyance with the defendant company in adverse possession of the right of way, therefore, neither the Hartlines nor the Vincents could maintain the suit in equity and the bill of complaint therein

was dismissed on the defendant company's demurrer. Vincent V. Hines, 79 Fla. 564, 84 South. Rep. 614. As the complainants in the equity suit had invoked a remedy to which they were not entitled, there was no election of remedies. In order that parties shall be bound by an election of remedies there must be two or more remedies available from which to elect. Where the remedy sought is not permitted and is denied at the instance of the opposing party, there is no election that will bar a proper remedy duly invoked.

See Malsby v. Gamble, 63 Fla. 508, 57 South. Rep. 687.

As to the right to maintain this action see 27 Fla. 443; 25 Fla. 853; 76 Fla. 581; 70 Fla. 245.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.