C. J. Meerdink v. The American Insurance Company.

188 So. 764.
Division A.
Opinion Filed May 9, 1939.
Rehearing Denied June 2, 1939.

*E. M. Baynes* and *W. J. Lake,* for Plaintiff in Error; *Stapp, Gourley, Ward & Ward,* for Defendant in Error.

Buford, J.—In a suit on a fire insurance policy defendant filed plea as follows:

"That this defendant admits the execution and delivery of the fire insurance policy as alleged and set forth

in said declaration, and admits that said policy was issued to C. J. Meerdink, the plaintiff herein, as the assured, and as the unconditional and sole owner of the property insured, but avers and shows unto the Court that the plaintiff ought not to have and maintain this action in this; that the plaintiff, C. J. Meerdink, at the time of the application for said policy represented himself to be the unconditional and sole owner of the property sought to be insured, but this defendant avers and shows unto the Court that the said C. J. Meerdink was not in truth and in fact the unconditional and sole owner of the property insured at the time of the execution and delivery of the said policy; that in truth and in fact one Oscar Miller of West Palm Beach, Florida, was the actual owner of said property so insured; that the title to the property involved was obtained through the foreclosure of a certain chattel mortgage which was foreclosed in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, wherein the said Oscar Miller was acting as Attorney for the complainant; that after the entry of the final decree in said cause and prior to the Master's Sale therein, the said Oscar Miller procured the plaintiff herein, the said C. J. Meerdink, as a trustee to purchase the said property at the said Master's sale to be held, for and on behalf and for the use and sole benefit of the said Oscar Miller; that the said Oscar Miller advanced the funds or credits for the purchase of the said property in the name of said C. J. Meerdink; that the said Oscar Miller at all times prior to the sale and at all times subsequent thereto and up to the time of the loss claimed in said declaration, exercised full and complete control and supervision over the said property insured and claimed full ownership of the same; and this defendant avers therefore that the said C. J. Meerdink was used as a naked or bare trustee for

the purpose of holding only the legal title, but that in truth and in fact the real owner and sole party interested in the ownership, control and disposition of the said property was the said Oscar Miller and that thereby the said paragraph 7 of the said contract of insurance, which is as follows: 'This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any matters, facts or circumstances concerning this insurance or the subject thereof, or, if the interest of the insured in the property be not truly stated herein,' and the said paragraph 16, of the contract of insurance which reads as follows: 'This entire policy, unless otherwise provided by an agreement endorsed thereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole owner,' were violated by the said C. J. Meerdink at the time of the insurance of the said policy and at all times thereafter; that the said above named and numbered paragraphs were a specific consideration and condition upon which the liability of this defendant was based, and that the plaintiff ought not to have and maintain this cause of action against this defendant because on the breach of the said paragraph 7 and on the breach of the said paragraph 16, as above set forth, all as will more fully appear by reference to copy of the insurance policy attached to and made a part of the declaration filed herein, and which, by reference, is made a part hereof as if set forth herein in full."

Demurrer to plea was overruled. Replication was filed as follows:

"For replication to the first plea of the defendant, plaintiff says that at the time of the execution of the fire insurance policy sued upon that the plaintiff was the holder of the legal title to the property involved herein, and that he was trustee for one Oscar Miller of West Palm Beach,

Florida, who was the equitable owner of said property, and that at the time of the execution and delivery of said property, one C. R. Dorsey of West Palm Beach, Florida, was the duly authorized and acting agent for the defendant; that at the time of the application for said policy, the plaintiff did not represent himself to be the conditional and sole owner thereof, but avers and shows unto the court that the said C. R. Dorsey was informed that Oscar Miller was the equitable owner of said property, and for certain reasons did not want the title in his name; that knowing all of these facts, the said C. R. Dorsey, as agent for the defendant, issued the policy sued upon; that the said C. R. Dorsey, before the issuance of the policy, and at the time of the execution of the same, and at all times since was fully aware that Oscar Miller owned the equitable title to said property.

"WHEREFORE, plaintiff says that the defendant is estopped to set forth that the plaintiff was not the sole and unconditional owner of said property."

Demurrer to replication was sustained. Judgment was entered in favor of defendant and writ of error was sued out.

The plaintiff in error relies on the opinions and judgments of this Court in the cases of Hanover Fire Ins. Co. v. Hires, 79 Fla. 408, 84 Sou. 605, and American Insurance Association v. Folsom, 119 Fla. 295, 161 Sou. 434, and cases therein cited, and the statement of law contained in 26 C. J. 316, as follows:

"The insurance company is taken to have waived or is estopped to assert a defect in the title of the insured, in the property insured or in the ground on which it is located, against which a condition of the policy is directed, of which it or its agent was cognizant or put upon inquiry

when the policy was issued. The rule is applicable not only where insured has falsely stated the nature and extent of his title and interest, but also where he has made no misrepresentation, as where he has made a full and true disclosure. The company cannot assert that the fact that the building insured stands upon leased ground, or that the title to the ground is in another, vitiates the insurance, by the terms of the policy, when such fact was disclosed or known to the agent or to the company at the time of the issuance of the policy."

The enunciations contained in the authorities cited are based upon the hypothesis that the insured had some insurable interest in the property insured. The replication in this case is sufficient to show that the insured had no insurable interest whatever in the property; that he was a naked trustee of the legal title acquired without consideration and without either possession or right of possession.

Having no insurable interest in the property which he attempted to cause to be insured, he could sustain no loss and there was no eventuality for the insurer to insure him against. The law applicable to this case is found aptly stated in Agricultural Ins. Co. v. Montague, 38 Mich. 548, 31 Am. Rep. 326, wherein it was said:

"A quantity of silverware was covered by the policy which proved to belong not to the insured but to his wife. In respect to this the plaintiff claimed to recover on a showing that when the policy was drawn Graves disclosed to the agent the real facts. The argument was that, as the Company, through its agent, had knowledge of all the facts, and still granted the policy, the issuing of the policy was a waiver of all objection on that score. This view was accepted by the court, and the jury was instructed accordingly. If the instruction was correct, it is manifest that

any person may obtain insurance upon property without any right in it whatsoever; he has but to disclose the facts, and the policy, though only a wager policy, will be as legal as any other. But such a doctrine is at war with the fundamental principles of insurance, which require that a person shall have an insurable interest before he can insure; a policy issued when there is no such interest is void, and it is immaterial that it is taken in good faith and with full knowledge. The policy of the law does not admit of such insurance, however willing the parties may be to enter into it. The doctrine of waiver has obviously nothing to do with such a case. The agent cannot do for the company by waiver what the company is powerless by express contract to do for itself; he cannot by waiver invest the insured with an interest he does not own. There was occasion to consider this question in Peoria M. & F. Ins. Co. v. Hall, 12 Mich. 202, and it was there held that an insurance of partnership property by one partner in his own name could not be made to embrace the interest of the other partner, notwithstanding it was written by the agent with full knowledge of the facts. The reason is the one above assigned; it is not competent to write an insurance where an insurable interest is wanting, whether the facts are known or not. The difficulty is inherent in the case, and is beyond the reach of waiver."

While in the instant case we are not required to go as far as the Michigan Court has gone, we apply the holding there to the stronger reasons for allowing no waiver to operate against the Insurance Company under the factual conditions presented by the plea in this case.

So the judgment is without error and should be affirmed.

So ordered.

Affirmed.

Terrell, C. J., and Thomas, J., concur.

Whitfield, J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.