C. E. Gibson, Appellant, v. The American Insurance Company, C. R. Dorsey, Inc., C. R. Dorsey, Lucretia Meerdink, as Administratrix of the Estate of C. J. Meerdink, Deceased, and O. S. Miller, Appellees.

200 So. 357

Division A

Opinion Filed February 14, 1941

*E. M. Baynes,* for Appellant;

*Stapp, Ward & Ward,* for The American Insurance Company of Newark, New Jersey; *O. S. Miller,* for Lucretia Meerdink, as Administratrix of the Estate of C. J. Meer-

dink, and O. S. Miller; and *Earnest, Lewis & Smith,* for C. R. Dorsey, Inc., and C. R. Dorsey; for Appellees. ·

BUFORD, J.—Appeal brings for review two decrees, one dismissing the bill of complaint as to The American Insurance Company, and the other dismissing the bill as to the defendants, C. R. Dorsey, Inc., a corporation, and C. R. Dorsey, individually.

There was no error in the entry of the latter order because the bill alleged no grounds for equitable relief against those defendants.

The bill sought. as to The American Insurance Company the reformation of an insurance policy issued by that Company to one O. S. Miller with loss payable to one C. J. Meerdink. It was, in effect, alleged in the bill that Miller applied for a policy of fire insurance on certain property, the equitable title to which was in Miller but the legal title to which was in Meerdink; that the true status of the title was fully developed and explained to the authorized agent of the insurance company by Miller; that Miller paid the required premium and the agent agreed on behalf of the Insurance Company that a policy of insurance would be issued by the company and delivered to Miller which would protect Miller against fire loss of the property; that in due course the agent delivered an insurance policy to Miller and Miller, assuming that the policy was so framed as to protect Miller against fire loss, did not read the policy but, relying on his agreement with the agent, placed the policy in his safe and did not read it until after the fire loss occurred, shortly after the issuance of the policy; that upon examination of the policy he found that it provided for loss payable to Meerdink, the holder of the naked legal title. Reformation was prayed to reform the policy so as to make loss payable to Miller to conform to the agreement, *supra.*
· The suit is by the assignee of Miller and also of Meer-

dink, but we hold the assignment of Meerdink of no efficacy as he had no interest in the claim and, therefore, had nothing to assign.

The American Insurance Company filed motion to dismiss, stating five grounds, as follows:

"I. The bill of complaint is without equity as to this defendant.

"II. All rights under the contract sought to be reformed herein have heretofore been completely adjudicated in that certain common law action heretofore filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, under common law action No. 8029, wherein final judgment was entered for this defendant and wherein said final judgment was affirmed by the Supreme Court of Florida, and, therefore, further action under said policy as against this defendant is barred under the doctrine of *res adjudicata*.

"III. The plaintiff herein, as assignee of the original assured under said policy, acquired only such interest in the policy or the proceeds therefrom as was owned by the assured at the time of the assignment and took such assignment subject to all defenses which would be available to this defendant against any action brought by the original assured and, therefore, as the original assured is barred from any further action against the defendant herein his assignee, the plaintiff herein, is likewise barred and estopped from maintaining this action.

"IV. The original assured in the policy sought to be reformed herein filed his common law action against this defendant as hereinabove set forth seeking to enforce the contract as written, and said action was prosecuted to final judgment in the Fifteenth Judicial Circuit of the State of Florida, and said final judgment was affirmed by the Supreme Court of the State of Florida, and, therefore, under the doctrine of the election of remedies the assured and his

assignee, the plaintiff herein, are barred from maintaining any additional action on said policy.

`"V. The plaintiff herein was not in any respect a party to the original contract of insurance herein sought to be reformed and, therefore, without the original assured a party plaintiff to this action cannot maintain this action for reformation of the contract involved in this cause, to which contract he was not an original party."

The decree from which the appeal is taken, *inter alia,* is: "The principal question is whether or not the predecessor in interest of this plaintiff, by pursuing the common law action to a final judgment, has created a bar to this equity suit for the purpose of reforming and enforcing the insurance policy.

"Both parties cite the case of American Process Company v. Florida White Pressed Brick Company, 56 Fla. 116, 47 So. 942. Apparently, the essential inquiry under that case is whether the allegations of facts necessary to support one remedy, are substantially inconsistent with those necessary to support the other, and if inconsistent, then the adoption of the common law remedy waives the right to bring this present suit.

"On the common law suit of Meerdink v. American Insurance Company, 137 Fla. 587, 188 So. 764, plaintiff's replication showed the intentional issuance of the policy in the name of Meerdink, eevn though the insurance agent was informed that Oscar Miller was the equitable owner of the property, and for certain reasons did not want the title in his name.

"The theory of this equity suit—aside from an ineffectual endeavor to allege fraud—seems to be that the use of the name of Meerdink, rather than O. S. Miller, was the result of a mutual mistake of the insurance agent and Miller, not

discovered by Miller until after the fire because he did not read the insurance policy.

"So, in effect, plaintiff in the common law action alleged that both intended to have the policy issued in the name of Meerdink as the insured, rather than in the name of Miller, and plaintiff's present equity suit proceeds on the basis that neither party intended to have the policy issued in the name of Meerdink rather than the name of Miller.

"This does not appear to be a matter of mistaken remedy pursued by plaintiff, for on the facts alleged in one action, he had no remedy in the other. Only one remedy existed on the true facts.

"Without going into detail, it is my conclusion that the allegation of facts necessary to support the common law action, are quite inconsistent from those necessary to support this equity suit. Hence, election of the plaintiff to maintain the common law suit to a final judgment, bars and waives the right to bring this equity suit."

Now Miller was not a party to the common law action of Meerdink v. The American Insurance Company. It, therefore, follows that Miller cannot be bound by election of remedies because of the prosecution of that suit by Meerdink. In our opinion and judgment in the case of Meerdink v. The American Insurance Company, 137 Fla. 587, 188 Sou. 764, we held the policy void as a contract of insurance between Meerdink and The American Insurance Company. There is nothing in that opinion which adjudicates, or attempts to adjudicate, any alleged rights of Miller in connection with the insurance policy.

But, even if it might be assumed that in the prosecution of the law action, *supra,* Meerdink acted as trustee for and on behalf of Miller without so appearing in the record, that suit would not bar the prosecution of the instant suit under the doctrine of election of remedies. This is true because,

for there to be an election of remedies there must be two or more available remedies open to be pursued by plaintiff. The course which Meerdink attempted to pursue in the law action was not available to accomplish recovery. Meerdink had no cause of action in connection with the policy.

The doctrine of election of remedies does not apply to a case where a party in his first action mistook his remedy. Malsby v. Gamble, 63 Fla. 508, 57 Sou. 687; Bond v. Hewett, 111 Fla. 180, 149 Sou. 606 and cases there cited; S. A. L. Ry Co. v. Hartline, et al., 84 Fla. 133, 92 Sou. 813; Williams v. Robineau, 124 Fla. 422, 168 Sou. 644; McCormick v. Bodeker, 119 Fla. 20, 160 Sou. 483; Northern Assurance Co. v. Grand View Building Association, 203 U. S. 106, 27 Sup. Ct. 27, 51 L. Ed. 109.

That an insurance policy may be reformed, even after loss, so as to express the real agreement between the parties is settled beyond question. See Bennett v. Cosmopolitan Fire Ins. Co. (C. C. A.) 50 F. (2nd) 1017; Northern Assurance Co. v. Grand View Bldg. Assn., 203 U. S. 106, 27 S. Ct. 27; 51 L. Ed. 109; Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Columbia Ins. Co. v. King (C. C. A.), 30 F. (2nd) 887.

So the decree dismissing bill as to C. R. Dorsey, Inc., and C. R. Dorsey individually is affirmed, while the decree dismissing bill as to The American Insurance Company is reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.