CHARLES A. LUCKIE, Associate Justice.
On October 9, 1952, appellant Gale D. Perry, as purchaser, entered into a contract for the purchase of real estate from appel-lees Fred G. Benson and Laura Benson, who had as their agent appellee Ann Barrett. The contract provided for a sixty-day closing period and further provided that ap-pellees would furnish evidence showing the title to the real estate to be good and marketable and that if the title were not found to be good and marketable, appellees would have a reasonable time within which to cure any title defects. On November 19, 1952, appellees notified appellant that a title defect had appeared and that an easement, which all parties thought was on the northerly boundary of the property, actually ran through the middle of the property. Apparently, neither the appellant nor the ap-pellees did anything to cure the defect and appellant thereupon instituted suit to rescind the contract and recover the money which he had paid as a downpayment.
In the suit to rescind and cancel the contract, the lower court entered a Final Decree dismissing the action, saying: “At no time did the purchaser make a clear and unequivocal demand that the defect be removed. It seems to the court that to place the vendors in default for not removing the defect in title within ‘a reasonable time’, the purchaser should have made a demand for the removal of the defect or, before bringing suit, put the vendors on notice in some clear and certain manner that the purchaser expected the defect to be removed within a specified period of time. This was not done. On the contrary, at the time of bringing suit, the purchaser had taken no firm stand on the matter. The vendors were yet in a state of uncertainty as to the purchaser’s intention regarding fulfillment of the contract. The court is unable to say that in equity and good conscience, the purchaser is entitled to a rescission under the circumstances as shown in this case.”
 Immediately after the entry of the above decree the- appellant notified appel-lees that he would waive the defect and take the title as it stood and demanded a conveyance, which appellees refused. Appellant thereupon instituted the present action for specific performance of the contract, therein waiving the defect in title and seeking to compel appellees to convey the land to him pursuant to the terms of the contract. Upon motion to dismiss being made, the lower court dismissed the bill of complaint for specific performance saying that the position taken by appellant in this action is inconsistent with the position taken by him in the first suit and that he was “bound by an *821 ^election of remedies’ which prohibits him from maintaining the present action.”
There is no doubt but that the law of Florida provides:
“ * * * Where more than one remedy for the enforcement of a particular right actually exists, and such remedies considered with reference to the relation of the parties as asserted in the pleadings are inconsistent, the pursuit of one with knowledge of the facts is in law a waiver of the right to pursue the other inconsistent remedy.” (Emphasis supplied.) American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 122, 123, 47 So. 942, 944; Board of Public Instruction for Bay County v. Mathis, 132 Fla. 289, 181 So. 147.
13ut, of course, for an action to constitute ■“election of remedies”, there must be two or more available remedies open to plaintiff at the time he institutes the first action. Gibson v. American Ins. Co., 146 Fla. 171, 200 So. 357. The remedies sought must not only be inconsistent but they must also he coexistent. If the remedy sought in the first instance does not exist at the time it is sought, then there is no election of remedies. The parties are not bound unless, at the time of the first suit, there are two remedies then available from which an election may be made. If, in the first instance, plaintiff proceeds upon an assumed remedy which does not exist at the time, and such ■effort proves abortive, he is not precluded from resorting to another remedy.
In the matter before us, the lower •court held in the first case that the action was premature, that at the time it was instituted appellant had no cause of action because he had neither made demand on the seller to cure the defect nor had he allowed the seller a reasonable time to cure the ■defect after putting the seller on clear notice. To us it seems that the lower court beld that no cause of action to rescind ■existed at the time of the first suit, and that no remedy was available to appellant in a suit to rescind at the time he instituted and pursued the first cause of action. Perhaps appellant did have, at the time of the first suit, the right of waiving the defect in title and demanding conveyance, but such right was not at that time coexistent with a right to have the contract rescinded. Had appellant, prior to the first suit, demanded that the defect in title be removed and had given appellees reasonable time within which to clear the title, and had they then failed, he would have had an election to either waive the defect and demand specific performance or to declare the contract rescinded. But not having placed himself in a position to rescind, that remedy was not available to him.
We conclude that the lower court was in error in dismissing the bill of complaint upon appellees’ motion and that the cause should be remanded for further proceedings.
Reversed.
TERRELL, C. J., and HOBSON and O’CONNELL, JJ., concur.