In re LEONARDI'S
INTERNATIONAL, INC., Debtor.

**LEONARDI'S INTERNATIONAL, INC., Plaintiff,**

v.

**DICKERSON ENTERPRISES, INC., a Florida corporation, and Rachel E. Dickerson, Donald F. Dickerson, and J.T. Purdue, as Co-Trustees under Last Will and Testament of Donald W. Dickerson, dated August 16, 1968, Defendant.**

Bankruptcy No. 90–22864–BKC–SMW.
Adv. No. 90–0294–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 1, 1991.

Kenneth S. Rappaport, Boca Raton, Fla., for debtor.

Sheldon Slatkin, Coral Springs, Fla., for creditors.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on November 14 and 28, 1990, upon a motion filed by Dickerson Enterprises, Inc., and Rachel F. Dickerson, Donald F. Dickerson, and J.T. Purdue as co-trustees (the "creditors"), to Alter or Amend the Final Judgment entered by this Court on October 16, 1990, 119 B.R. 874, in favor of Leonardi's International, Inc. (the "debtor"), and the

Court having reviewed the record, having listened to the argument of counsel, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

The debtor instituted the within adversary proceeding seeking to recover damages from the creditors based upon the breach of a lease addendum executed between the parties. As an alternative remedy, the debtor sought to rescind the lease based on the fraud of the creditors. On October 16, 1990, this Court entered its Findings of Fact and Conclusions of Law along with the Final Judgment. This Court concluded that the creditors had breached the lease addendum but reasoned that the Court could not make an award of damages in that the testimony presented did not provide the Court with a quantifiable measure of the actual loss sustained by the debtor as a result of the breach. The Court also found that the creditors had engaged in overreaching conduct in negotiating the lease with the debtor in that the attorney for the creditors seemed to be acting in the best interest of both parties, to the detriment of the debtor. Accordingly, this Court entered a Final Judgment whereby the lease addendum was rescinded and the parties were restored to their original positions prior to its execution.

The creditors then filed their Motion To Alter or Amend the Final Judgment arguing that the debtor was precluded from pursuing the equitable remedy of rescission under the doctrine of election of remedies. The creditors contended that the remedy of damages for breach of contract and the remedy of rescission are inconsistent, and that the debtor had been requested to make an election between the two remedies following the presentation of all the evidence.

■ The doctrine of election of remedies is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not be allowed to avail himself of an incompatible course. *Barbe v. Villeneuve*, 505 So.2d 1331, 1332 (Fla.1987), *citing Williams v. Robineau*, 124 Fla. 422, 426,

168 So. 644, 646 (1935). Under Florida law, the election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent. *Barbe*, 505 So.2d at 1332. It is well settled that the remedies of damages for breach of contract and rescission are inconsistent in that one remedy is based on the affirmance of the contract while the other remedy is based on the disavowal of the contract. *Weeke v. Reeve*, 65 Fla. 374, 61 So. 749 (1913); *Deemer v. Hallett Pontiac Inc.*, 288 So.2d 526, 527–28 (Fla. 3rd DCA 1974); *Bliss & Laughlin Industries, Inc. v. Malley*, 364 So.2d 65 (Fla. 4th DCA 1978).

■ An election between legally inconsistent remedies can be made at any time prior to the entry of judgment. *Erwin v. Scholfield*, 416 So.2d 478, 479 (Fla. 5th DCA 1982). Where a litigant erroneously pursues a remedy which is not open to him because it is not supported by either the facts or the law, the party will not be bound by the election.

It is well settled that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the party supposed them to be or the law applicable to the facts is found to be other than supposed, and although the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy.

1 Fla.Jur.2d, Actions § 161, *citing American Process Co. v. Florida White Pressed Brick Co.*, 56 Fla. 116, 47 So. 942 (1908); *Malsby v. Gamble*, 63 Fla. 508, 57 So. 687 (1912); *Gibson v. American Insurance Co.*, 146 Fla. 171, 200 So. 357 (1941); *Marks v. Fields*, 160 Fla. 789, 36 So.2d 612 (1948); *Rolf's Marina, Inc. v. Rescue Service & Repair, Inc.*, 398 So.2d 842 (Fla. 3rd DCA 1981). In *Rolf's Marina*, the court determined that a buyer who had elected to pursue the remedy of rescission on the day of trial was not precluded from seeking damages for breach of the contract where during the pendency of the trial the remedy of rescission proved to be illusory.

■ At the conclusion of the trial, the debtor announced its intention to pursue

damages for breach of the lease agreement. However, the Court was unable to determine the actual loss sustained by the debtor thereby rendering the remedy of contractual damages ineffective. Aware that the facts as presented did not permit the Court to make an award of damages, the Court, as a Court of equity, determined that it could award relief to the debtor under the claim for rescission of the lease. Therefore, the Court finds that the debtor did not make an effective election of remedies that would preclude the entry of the equitable relief previously granted to the debtor by this Court. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the Motion To Alter or Amend Judgment is denied.

DONE AND ORDERED.